**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRADITION MEDIA GROUP, LLC, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| US BANK NATIONAL ASSOCIATION, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff Tradition Media Group, LLC ("TMG"), for its complaint against Defendant US Bank National Association d/b/a Elan Financial Services ("Elan" or "Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for service mark infringement, contributory service mark infringement, unfair competition, and related state law claims, which related claims arise out of the same operative facts.

2. This court has jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338, and 28 U.S.C. §1367.

3. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391 because, *inter alia*, Defendant has contracted with financial institutions within this District, including Northside Community Bank and Busey Bank, to offer services to the public under the disputed service mark, and on information and belief Defendant has provided services under the disputed service mark to individual consumers residing within this District.

## THE PARTIES

4. Plaintiff Tradition Media Group, LLC is a Nevada limited liability company with a principal place of business at 5870 Highway 6 North, Suite 204, Houston, Texas 77084.

5. Since 2009, TMG and its predecessor in interest have continually operated a consumer-facing loan brokerage service under the business name Max Cash Title Loans.

6. Defendant US Bank National Association is a Delaware corporation with a principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

7. Elan Financial Services is a subsidiary of US Bank National Association. Elan Financial Services contracts with independent third-party financial institutions to offer Elan's credit card account services to consumers.

## PLAINTIFF'S SERVICE MARK RIGHTS

8. TMG is the owner of U.S. Trademark Registration No. 6,014,321 for the mark MAXCASH for a variety of lending and financial services.

9. TMG is the owner of U.S. Trademark Registration No. 6,014,322 for the mark MAX CASH and Design for a variety of lending and financial services.

10. TMG owns common law rights in the marks MAX CASH and MAXCASH for consumer loan brokerage services. TMG has been marketing its services under those marks in 49 States since at least 2015.

## DEFENDANT'S INFRINGING ACTIVITIES

11. Elan provides credit card account services. In other words, for each individual consumer credit card account operated by Elan, Elan tracks charges, collects merchant fees, sends credit card account invoices, collects payments from consumers, tracks account rewards, and investigates fraud.

12. Elan contracts with financial institutions such as banks and credit unions to provide its turnkey credit card account services to the individual customers of those financial institutions.

13. Elan offers a number of different types of credit card accounts, often referred to simply as "cards," each of which has its own name and combination of specific terms and rewards.

14. In late 2020, Elan began offering a new card called the MAX CASH PREFERRED card.

15. Elan currently offers the MAX CASH PREFERRED card, through third party financial institutions, to consumers in the United States.

16. Elan's use of the MAX CASH PREFERRED mark is without the authorization of TMG.

17. On information and belief, Elan had actual knowledge of TMG's Max Cash Title Loans business prior to offering the MAX CASH PREFERRED card.

18. On information and belief, Elan had actual knowledge of TMG's ownership of U.S. Trademark Registration No. 6,014,321 for the mark MAXCASH prior to offering the MAX CASH PREFERRED card.

19. On information and belief, Elan had actual knowledge of TMG's ownership of U.S. Trademark Registration No. 6,014,322 for the mark MAX CASH and Design prior to offering the MAX CASH PREFERRED card.

20. On information and belief, Elan had actual knowledge of TMG's common law rights in the service marks MAX CASH and MAXCASH prior to offering the MAX CASH PREFERRED card.

21. On March 30, 2021, counsel for TMG wrote to Elan, describing TMG's prior rights in the MAX CASH, MAXCASH, and related service marks, and demanding that Elan cease offering services under the MAX CASH PREFERRED mark. Since that time, the respective counsel of TMG and Elan have exchanged further correspondence, but Elan has refused to cease use of the MAX CASH PREFERRED mark.

## COUNT I – LANHAM ACT SERVICE MARK INFRINGEMENT

22. TMG adopts and realleges paragraphs 1 through 21.

23. TMG owns all right, title and interest in and to U.S. Trademark Registrations Nos. 6,014,321 and 6,014,322 and the common law service marks MAX CASH and MAXCASH described above (collectively, the "TMG Marks").

24. Elan's MAX CASH PREFERRED mark is confusingly similar to the TMG Marks.

25. Elan's use of the MAX CASH PREFERRED mark is without the authorization of TMG.

26. TMG established its rights in the TMG Marks prior to Elan's use of the MAX CASH PREFERRED mark.

27. Elan's use of the MAX CASH PREFERRED mark is likely to cause confusion, mistake and deception as to the source or sponsorship of Elan's services.

28. Elan's use of the MAX CASH PREFERRED mark is likely to cause consumers to believe erroneously that Elan's services are sold, authorized, endorsed, or sponsored by TMG, or that Elan is in some way affiliated with or sponsored by TMG.

29. Elan's use of the MAX CASH PREFERRED mark constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and Section

43(a) of the Lanham Act, 15 USC § 1125(a).

30. Elan's actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to TMG and to the reputation and goodwill associated with the TMG Marks.

31. Elan has refused to cease using the MAX CASH PREFERRED mark despite TMG's request that it do so. Elan's continuing infringing actions therefore constitute knowing, deliberate, and willful infringement of the TMG Marks and make this an exceptional case under 15 U.S.C. § 1117(a).

32. TMG has no adequate remedy at law.

### COUNT II – LANHAM ACT CONTRIBUTORY SERVICE MARK INFRINGEMENT

33. TMG adopts and realleges paragraphs 1 through 32.

34. The financial institutions with which Elan contracts to provide credit card account services under the MAX CASH PREFERRED mark are committing service mark infringement when they offer those services to consumers.

35. Through Elan's contractual arrangements with the relevant financial institutions, Elan intentionally induces those financial institutions to infringe the TMG Marks.

36. Elan is the source of the credit card account services the relevant financial institutions offer to consumers under the MAX CASH PREFERRED mark, and Elan knows that these services are offered to consumers under the infringing MAX CASH PREFERRED mark.

37. Elan's acts described herein constitute contributory service mark infringement under the laws of the United States.

38. Elan's actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to TMG and to the reputation and goodwill

associated with the TMG Marks.

39. Elan's injury to TMG has been willful and intentional.

40. TMG has no adequate remedy at law.

### COUNT III – VICARIOUS SERVICE MARK INFRINGEMENT

41. TMG adopts and realleges paragraphs 1 through 40.

42. The financial institutions with which Elan contracts to provide credit card account services under the MAX CASH PREFERRED mark are committing service mark infringement when they offer those services to consumers.

43. Elan and the financial institutions with which it contracts to provide credit card account services under the MAX CASH PREFERRED mark exercise joint ownership and control over those credit card account services.

44. Elan and the financial institutions with which it contracts to provide credit card account services under the MAX CASH PREFERRED mark have an actual or apparent partnership with respect to those credit card account services.

45. Elan is vicariously liable for the service mark infringement committed by the relevant financial institutions under the laws of the United States.

### COUNT IV – LANHAM ACT UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

46. TMG adopts and realleges paragraphs 1 through 45.

47. TMG owns the goodwill associated with the TMG Marks.

48. Elan does not own the goodwill associated with the TMG Marks.

49. Elan's use of the MAX CASH PREFERRED mark is without the authorization of TMG.

50. Elan is attempting to profit from the goodwill associated with the TMG Marks.

51. Elan is attempting falsely to suggest an association with TMG or that TMG approves of Elan's services.

52. Elan's use of the MAX CASH PREFERRED mark is likely to cause confusion, mistake and deception as to the source or sponsorship of Elan's services.

53. Elan's actions constitute false representation and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Elan's actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to TMG and to the reputation and goodwill associated with the TMG Marks.

55. Elan's injury to TMG has been willful and intentional.

56. TMG has no adequate remedy at law.

## **COUNT V - COMMON LAW SERVICE MARK INFRINGEMENT**

57. TMG adopts and realleges paragraphs 1 through 56.

58. TMG owns the goodwill associated with the TMG Marks.

59. Elan's acts constitute service mark infringement and/or unfair competition in violation of the common law of various states, including the state of Illinois.

60. Elan's injury to TMG has been willful, intentional, deliberate, and in bad faith.

61. Elan's actions have caused and will continue to cause irreparable injury to TMG unless enjoined by this Court.

62. TMG has no adequate remedy at law.

### COUNT VI - ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

63. TMG adopts and realleges paragraphs 1 through 62.

64. Elan's use of the MAX CASH PREFERRED mark is likely to cause confusion, mistake and deception as to the source or sponsorship of Elan's services.

65. Elan's actions were willful and intentional, in that they were done with deliberate disregard or reckless indifference to the rights of TMG.

66. Elan's actions violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

67. Elan's actions are likely to and did injure TMG. Those actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to TMG, to its reputation, and to the goodwill associated with the TMG Marks.

68. TMG has no adequate remedy at law.

### COUNT VII - ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

69. TMG adopts and realleges paragraphs 1 through 68.

70. The violation of the Illinois Uniform Deceptive Trade Practices Act described in Count V also constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

71. Elan's conduct is intentional, willful and outrageous, in that it was done with deliberate disregard or reckless indifference to the rights of TMG.

72. Elan's actions are likely to and did injure TMG. Those actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to TMG, to its reputation, and to the goodwill associated with the TMG Marks.

73. TMG has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tradition Media Group, LLC respectfully requests this Court to enter:

1. Judgment for TMG and against Elan on Count I for service mark infringement under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a).

2. Judgment for TMG and against Elan on Count II for contributory service mark infringement.

3. Judgment for TMG and against Elan on Count III for vicarious service mark infringement

4. Judgment for TMG and against Elan on Count IV for unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

5. Judgment for TMG and against Elan on Count V for service mark infringement under the common law.

6. Judgment for TMG and against Elan on Count VI for violation of the Illinois Uniform Deceptive Trade Practices Act.

7. Judgment for TMG and against Elan on Count VII for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

8. A preliminary and permanent injunction restraining Elan, and its administrators, officers, directors, agents, servants, representatives, employees, parents, subsidiaries, related companies, licensees, successors, assigns, assignees and all persons acting in active concert or

participation with Elan, or on behalf of Elan, from doing, causing, aiding or abetting any of the following:

    a.    engaging in any acts or activities directly or indirectly calculated to trade upon the reputation or goodwill of TMG or the service marks MAX CASH or MAXCASH, or to unfairly compete with TMG in any manner;

    b.    directly or indirectly infringing service marks MAX CASH or MAXCASH;

    c.    using in the sale, offering for sale, promotion, advertising, and marketing of services or in any advertising, catalogs, letterhead, business cards, promotional items, promotional material, on any web site or other materials in any media whatsoever the service marks MAX CASH or MAXCASH, so as to cause confusion, or be likely to cause confusion, mistake or deceive TMG customers and the public into the belief that the services offered by Elan are approved by, sponsored by, or otherwise associated or connected with TMG;

    d.    otherwise engaging in any other acts or conduct that would cause consumers to believe erroneously that Elan's services are somehow sponsored by, authorized by, licensed by, approved by, or in any other way are associated with TMG.

9. An order requiring Elan to account for and pay over to TMG all gains, profits and advantages derived from Elan's service mark infringement, unfair competition, false designation of origin, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

10. An order requiring Elan to account for and pay over to TMG all damages suffered by TMG as a result of Elan's service mark infringement, unfair competition, false designation of origin, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

11. An order trebling the amount of the award to TMG, pursuant to 15 U.S.C. § 1117(a).

12. An order directing Elan to pay to TMG punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act due to the intentional, willful and outrageous nature of Elan's actions.

13. An order requiring Elan to pay TMG's reasonable attorney's fees, expenses, and costs incurred in this action.

14. An order granting such other relief as this Court may deem just.

## Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), TMG demands a trial by jury on all issues in this action so triable.

Respectfully submitted,

TRADITION MEDIA GROUP, LLC

Date: August 23, 2021      By:   /s/ Mark R. Bagley
                                  Mark R. Bagley
                                  Brett M. Tolpin
                                  TOLPIN & PARTNERS, PC
                                  100 North LaSalle Street, Suite 500
                                  Chicago, Illinois 60602
                                  (312) 698-8971

                                  *Attorneys for Plaintiff Tradition Media Group, LLC*